## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) |
| | ) Docket no.  2:18-cr-00113-GZS |
| ANDREW WAITE, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)

Before the Court is Defendant Andrew Waite's Motion for Compassionate Release (ECF No. 78).  Having reviewed this Motion and all of the related filings (ECF Nos. 80 & 83), the Court DENIES Defendant's Motion.

### I.      LEGAL STANDARD

A defendant seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) must prove that he has exhausted available administrative remedies and that there are "extraordinary and compelling reasons" that presently warrant a reduction in his sentence.   18 U.S.C. § 3582(c)(1)(A)(i).  In determining what qualifies as extraordinary and compelling, the Court generally considers whether "the defendant's situation constitutes the type of extreme hardship that the compassionate-release statute is designed to ameliorate."  United States v. Saccoccia, 10 F.4th 1, 4 (1st Cir. 2021) (cleaned up).

In addition, the Court must determine that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  To date, however, the Sentencing Commission has not issued a policy statement applicable to prisoner-

initiated motions for compassionate release.  See United States v. Ruvalcaba, 26 F.4th 14, 21 (1st Cir. 2022).  The Commission's current policy statement, U.S.S.G. § 1B1.13, is applicable "only to motions brought by the BOP."  Id. at 20.  "As a general matter, a district court, reviewing a prisoner-initiated motion for compassionate release in the absence of an applicable policy statement, may consider any complex of circumstances raised by a defendant as forming an extraordinary and compelling reason warranting relief."  Id. at 28.  But, U.S.S.G. § 1B1.13 "nonetheless may serve as a non-binding reference."  Id. at 23.

Finally, the Court must consider any applicable factors found in 18 U.S.C. § 3553(a), and "determine whether, in its discretion, the reduction is warranted in whole or in part under the particular circumstances of the case."  Id. at 19 (cleaned up); see also 18 U.S.C. § 3582(c)(1)(A). "[A] supportable determination that the balance of the section 3553(a) factors weighs against a sentence reduction constitutes an independent reason to deny compassionate release."  United States v. Texeira-Nieves, 23 F.4th 48, 55 (1st Cir. 2022); see also, e.g., United States v. Thurlow, No. 2:16-cr-00053-DBH, 2021 WL 5921368, at *2–3 (D. Me. Dec. 15, 2021) (denying compassionate release based on § 3553(a) factors despite finding that the death of the defendant's minor children's caregiver constituted an extraordinary and compelling reason).

## II.    DISCUSSION

Defendant Andrew Waite, age 34, is presently serving a 72-month sentence at Lewisburg USP and has a projected release date of June 17, 2023.[1]  At this time, Lewisburg USP is reporting two confirmed active COVID-19 cases.  There has been one reported inmate death due to

---

[1] See https://www.bop.gov/mobile/find_inmate (last visited July 27, 2022).

COVID-19 at this facility, and a total of 318 inmates and 171 staff are listed as recovered.  1133 inmates have been fully vaccinated to date.[2]

In his Motion, Defendant states that due to COVID-19 he was subject to extended delays in the implementation of his sentence that left him unable to accumulate more time credits under the First Step Act.  (See Mot. (ECF No. 78), PageID # 212.)  He also asserts that COVID-19 has made his sentence harsher than anticipated and that, although he is young, healthy, and vaccinated, the long-term effects of COVID-19 can prove debilitating even for those within this low-risk demographic.  (See id., PageID # 213 (vaccination status); Reply (ECF No. 83), PageID # 245.)[3]

Defendant expresses regret for both his criminal conduct and the time he has been apart from his family, a time which included the death of his mother.  (See Mot., PageID #s 212–13; Reply, PageID # 244.)  He further notes his lack of a prior criminal record, the non-violent nature of his offense, and changing cultural attitudes toward marijuana.  (See Mot., PageID #s 212–13.) Defendant also describes his reentry plans and the steps he has taken toward rehabilitation, which have included coursework in a variety of fields, assistance with the facility's religious services, completion of a drug rehabilitation program, and introspection.[4]  (See Mot., PageID # 212.)

At the outset, the Court considers whether Defendant has fully exhausted the administrative remedies for compassionate release prior to filing his pending Motion.  Section 3582(c)(1)(A)'s administrative exhaustion requirement is "a non-jurisdictional claim-processing rule."  Texeira-

---

[2] See https://www.bop.gov/coronavirus/ (last visited July 27, 2022).

[3] Allowing for Defendant's pro se status, the Court has exercised its discretion to consider certain arguments raised for the first time in his reply brief.  See Delgado Echevarria v. AstraZeneca Pharm. LP, 856 F.3d 119, 133 n.18 (1st Cir. 2017) ("Although it's true that courts routinely preclude a litigant from raising new arguments in a reply brief, this rule is not inflexible; courts retain discretion to excuse parties from procedural gaffes such as this.").

[4] Defendant also proposes that he may be shifted to home confinement.  See Reply, PageID # 243.  However, the Court lacks the authority to offer such relief.  See Tapia v. United States, 564 U.S. 319, 330–31 (2011) ("[T]he BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment' . . . [D]ecisionmaking authority rests with the BOP."); see also Texeira-Nieves, 23 F.4th at 58–59.

Nieves, 23 F.4th at 53.  As such, exhaustion is mandatory unless waived or conceded by the Government.  See, e.g., United States v. Brown, No. 2:13-cr-00071-DBH, 2021 WL 5041218, at *1 (D. Me. Oct. 28, 2021); United States v. Hassan, No. 2:16-cr-00084-JDL, 2020 WL 6163125, at *2 (D. Me. Oct. 21, 2020).

In January 2022, Defendant requested compassionate release from the BOP.  (See Def. Ex. 2 (ECF No. 78-2), PageID # 215.)  This request was denied.  (See id., PageID # 216.)  The Government acknowledges Defendant's administrative request but argues that he nonetheless failed to exhaust his administrative remedies fully because of differences between the issues raised in the request and those raised in the present Motion.  (See Gov't Response (ECF No. 80), PageID #s 234–35.)  Defendant counters that the issues are substantively the same and need not be identical in all respects.  (See Def. Reply, PageID # 244.)

The question of whether "issue exhaustion" applies in the context of compassionate release remains an open question in the First Circuit.[5]  See Texeira-Nieves, 23 F.4th at 53 ("The question of whether and to what extent issue exhaustion applies to judicial review of compassionate-release motions is freighted with uncertainty[.]").  However, it is also a question that the Court need not answer today.  Because the Court finds that the Motion fails on its merits, the Court assumes without deciding that Defendant's administrative remedies were fully exhausted.  See id. (adopting similar approach); United States v. Greene, No. 1:17-cr-00012-NT, 2020 WL 4475892, at *5 n.4 (D. Me. Aug. 4, 2020) (same).

First, the Court does not find that the reasons Defendant offers rise to the level of "extraordinary and compelling."  18 U.S.C. § 3582(c)(1)(A)(i).  "A reason is 'extraordinary' if it

---

[5] However, the Seventh Circuit has held that "in order properly to exhaust, an inmate is required to present the same or similar ground for compassionate release in a request to the Bureau as in a motion to the court."  United States v. Williams, 987 F.3d 700, 703 (7th Cir. 2021) (per curiam).

'is beyond the mine-run either in fact or in degree.'" <u>United States v. Sunderland</u>, No. 2:15-cr-00120-NT, 2022 WL 1997267, at *2 (D. Me. June 6, 2022) (quoting <u>United States v. Canales-Ramos</u>, 19 F.4th 561, 566 (1st Cir. 2021)). "A 'compelling' reason is one 'that is both powerful and convincing.'" <u>Id.</u> (quoting <u>Canales-Ramos</u>, 19 F.4th at 567).

The Court acknowledges that the ongoing pandemic is an extraordinary event for our entire country; however, it is against this backdrop that a defendant must show individualized extraordinary and compelling reasons why he should not be required to serve the remainder of his sentence. Insofar as Defendant cites his inability to obtain more time credits and the unanticipated harshness of his experience, he has not demonstrated such circumstances to be extraordinary among federal inmates amid the broad systemic disruptions caused by COVID-19.[6]  Likewise, Defendant's fear of experiencing serious COVID-19 symptoms despite his low-risk profile is not extraordinary. Furthermore, given that Lewisburg USP is reporting only two active COVID-19 infections, Defendant has not shown that he would be less safe in the facility than he would be if released.

As to Defendant's regret for his absence from his family, this, too, is not an extraordinary circumstance. <u>Cf.</u> U.S.S.G. § 1B1.13, cmt. 1(C) (limiting extraordinary and compelling "family circumstances" to the need to care for a spouse or minor child). Insofar as Defendant notes his lack of a criminal history and the non-violent nature of his offense conduct, these factors are also not uncommon. Furthermore, while the Court applauds the commitment Defendant has shown to his rehabilitation, Congress has stated that "[r]ehabilitation of the defendant alone shall not be

---

[6] The Court also notes that arguments based on the loss of the opportunity to amass time credits have been rejected elsewhere as overly speculative. <u>See, e.g.</u>, <u>United States v. Pena</u>, No. 18-cr-00844-ER, 2021 WL 1614833, at *3 (S.D.N.Y. Apr. 26, 2021); <u>United States v. McCloud</u>, No. 4:05-cr-00018-JRH, 2020 WL 2843220, at *2 (S.D. Ga. June 1, 2020). Courts have also ruled "that the ability to participate in a rehabilitative or educational prison program does not implicate a liberty interest." <u>DeBritto v. Coyne-Fague</u>, No. 1:22-cv-00188-WES, 2022 WL 2663995, at *2 (D.R.I. July 11, 2022) (collecting cases). The Court agrees on both counts and finds that these factors additionally render defendant's time-credit argument insufficiently compelling.

considered an extraordinary and compelling reason."  28 U.S.C. § 994(t); see also United States v. Sepulveda, 34 F.4th 71, 77 (1st Cir. 2022).

Even assuming the Court were to find extraordinary and compelling reasons on the present record, the Court also must consider the factors found in 18 U.S.C. § 3553(a).  The Court previously considered these same § 3553(a) factors at sentencing, in order to impose "a sentence sufficient, but not greater than necessary."  18 U.S.C. § 3553(a).  The Court concludes that Defendant has not identified grounds warranting a reduction in sentence.  (See Reply, PageID #s 245–46.)  First, Defendant's 72-month sentence was already lenient compared to his recommended guidelines range.  (See generally Judgment (ECF No. 75) & Revised PSR.)  Second, in arriving at this lenient sentence, the Court already factored in many of the same factors Defendant now identifies, such as his lack of a criminal record, the non-violent nature of his offense, and his relatively low recidivism risk.  Furthermore, even if Defendant's crimes, which included both possession with intent to distribute marijuana and possession of an unregistered firearm, were non-violent, his behavior was nonetheless dangerous to the community.[7]  See 18 U.S.C. § 3553(a)(2)(C) (requiring consideration of the need "to protect the public from further crimes of the defendant"); United States v. Dotrey, No. 2:13-cr-00004-JRG, 2021 WL 4191454, at *9 (E.D. Tex. Sept. 15, 2021) ("Even if this Court were to agree . . . that trafficking . . . a large amount of marijuana while possessing a handgun is 'nonviolent,' . . . that does not make his offense any less dangerous to the community." (internal quotation marks omitted)).  Third, to the extent Defendant invokes his post-sentencing efforts at rehabilitation and his lack of a disciplinary record,

---

[7] The Court also notes that Waite's related offense conduct in this case included conduct for which he received an obstruction of justice enhancement as well as time spent evading arrest.  See generally Revised PSR.

he has already been rewarded via time credits applied against his sentence.  In short, the Court's consideration of the § 3553(a) factors weighs against any reduction in sentence at this time.

For the foregoing reasons, Defendant's Motion for Compassionate Release (ECF No. 78) is hereby DENIED.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 27th day of July, 2022.